**BROADMOOR IMPROVEMENT ASSOCIATION, INC., Plaintiff-Appellant,**

v.

**STAN WEBER & ASSOCIATES, INC., Duane Dees, and Vera Perett Vujnovich, Defendants-Appellees.**
**No. 76–3796.**

United States Court of Appeals, Fifth Circuit.

June 22, 1979.

Robert O. Homes, Jr., William J. Mora, Metairie, La., for plaintiff-appellant.

Charles F. Barbera, Metairie, La., for defendants-appellees.

Before WISDOM, COLEMAN and RONEY, Circuit Judges.

PER CURIAM:

In this housing discrimination suit the district court granted defendant real estate agents' motion for summary judgment and dismissed the action on the ground that plaintiff Broadmoor Improvement Association, Inc. did not have standing to sue under Title VIII of the Civil Rights Act of 1968,

42 U.S.C.A. §§ 3604, 3612 and the Civil Rights Act of 1866, 42 U.S.C.A. § 1982. In light of the decision in *Gladstone Realtors v. Village of Bellwood,* —— U.S. ——, 99 S.Ct. 1601, 60 L.Ed.2d 66 (1979), we vacate and remand this action for further proceedings consistent with the rulings of the Supreme Court.

Plaintiff Broadmoor Improvement Association, Inc. is a nonprofit corporation comprised of approximately 750 blacks and whites who, for the most part, live in the Broadmoor residential area of New Orleans, Louisiana. Its corporate purpose is the preservation of the quality and racially integrated character of Broadmoor. The Association sued a real estate firm, Stan Weber and Associates, Inc., and several of its agent-employees alleging that defendants engaged in a pattern of "blockbusting" activity with the intended effect of steering white residents out of and blacks into the Broadmoor area. Specifically, the Association charged defendants with mailing notices to white residents of Broadmoor which indicated that certain property in Broadmoor had been sold and offered the same sales service to the white residents who received the notices. At the same time defendants allegedly mailed different notices to black residents of Broadmoor which indicated that certain neighborhood property was for sale and inquired if a "friend" might be interested in purchasing such property. It is from this alleged conduct that the Association sought injunctive relief and damages for the diminution in the value of property in Broadmoor, for the loss of quality of the residential neighborhood, and for mental suffering and distress based upon economic and social fears.

The district court acknowledged that under 42 U.S.C.A. § 1982 and 42 U.S.C.A. §§ 3604, 3612, a corporate plaintiff may have standing to litigate certain violations under *Park View Heights Corp. v. City of Black Jack,* 467 F.2d 1208, 1214 (8th Cir. 1972). It determined, however, that in this case plaintiff's corporate purpose was insufficient to constitute a personal and concrete stake in the controversy necessary to meet

requirements of standing commanded by *Warth v. Seldin,* 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). The court denied any representational standing to litigate claims of individual members. The court held that others who were more directly injured or affected by the alleged discriminatory conduct should litigate the issues raised. The district court specifically applied the so-called "prudential considerations" test of standing under *Warth v. Seldin, supra* at 499–500, 95 S.Ct. 2197. It held that the Article III standard for standing that *Trafficante v. Metropolitan Life Ins. Co.,* 409 U.S. 205, 93 S.Ct. 364, 34 L.Ed.2d 415 (1972), applied to a suit under § 3610 did not apply to a § 3604 claim under § 3612.

In *Gladstone Realtors v. Village of Bellwood, supra,* the Supreme Court has now decided that the *Trafficante* test applies equally to both § 3610 and § 3612 claims. Therefore both the summary judgment for defendants and the denial of plaintiff's motion pursuant to Rule 17 of the Federal Rules of Civil Procedure to substitute as party-plaintiffs members of the Association who resided in Broadmoor were decided under what is now known to be an erroneous view of the law.

The Supreme Court in *Bellwood* ruled that individual residents who live inside the area targeted by real estate brokers for racial steering, as well as the affected municipal corporation, have standing under Title VIII of the Civil Rights Act of 1968, 42 U.S.C.A. § 3601 *et seq.,* to challenge the legality of the practices of realtors and their agents which deprive such residents of the "benefits of interracial associations" or "rob [the community] of its racial balance and stability." *Gladstone Realtors v. Village of Bellwood, supra,* —— U.S. at ——, 99 S.Ct. at 1614. Further the Supreme Court intimated that it would not be inappropriate for the district court to consider claims raised by nonresidents of the targeted area if they presented allegations of actual harm suffered as a result of the alleged discriminatory activity. *Id.* at ——, n.25, 99 S.Ct. at 1614.

We therefore vacate and remand this case for further proceedings consistent with the decision in *Bellwood.*

VACATED AND REMANDED.